■ In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property for Phase II of Stage III of the Fulton Park Urban Renewal Project, in the Borough of Brooklyn. ABRAHAM KERIEVSKY et al., Doing Business as THATFORD CABINET Co., Respondents-Appellants.—In a condemnation proceeding, the parties cross-appeal from a

seventh separate and partial final decree of the Supreme Court, Kings County, entered November 24, 1975, which, *inter alia,* fixed the amount of compensation for a taking. Seventh separate and partial final decree modified, on the law, by deleting the amount set forth as the aggregate sum in the second decretal paragraph thereof and by substituting therefor the amount $412,434.20. As so modified, seventh separate and partial final decree affirmed, without costs or disbursements, and proceeding remanded to Special Term for the entry of an amended decree and tabular abstract of award in accordance herewith. Although the items of machinery which were not removed by the claimants' successor were removable without injury thereto, or to the premises, the city properly conceded that they were fixtures. Special Term properly held that such items were to be evaluated on the basis of reproduction cost less depreciation, i.e., sound value, on its finding, which is supported by the record, that the cessation of claimants' business was due to economic considerations caused by the city's acquisition of the subject parcel. The fact that one of the three principals of the condemnee chose to establish a similar but much smaller business operation in Freeport, Long Island, and removed some of the machinery thereto (for which no award claim has been made) did not create an obligation that the remainder be removed on pain of being evaluated on the lower basis of cost of removal (see *Rose v State of New York,* 24 NY2d 80, 88; *City of Buffalo v Clement Co.,* 28 NY2d 241, 262; cf. *Matter of City of New York [Brooklyn Bridge Southwest Urban Renewal Project, Borough of Manhattan—Aero-Chatillon Corp.],* 35 AD2d 808). Since the nonremoved machinery, *qua* fixtures, was part of the premises to which the city took title on the vesting, there should have been no deduction of the $12,000 salvage value thereof. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.