■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to the Acquiring of Title to Real Property for a Project Known as College Point Industrial Park Urban Renewal Project II in the County of Queens. G & C AMUSEMENTS, INC., et al., Appellants. — In a condemnation proceeding, the claimants appeal, as limited by their brief, from so much of a second, separate and partial final decree of the Supreme Court, Queens County (Castaldi, J.), dated October 25, 1976, as denied them compensation for their fixtures. Decree modified, on the law and the facts, by deleting the first decretal paragraph and substituting a provision that fixture awards are to be made to the claimants in accordance with the sound values found therefor by Mr. Justice Castaldi in the "Valuaton Schedule" annexed to his memorandum decision of March 25, 1976, except for items denominated A-11, I-9, I-10, I-11, I-12, I-13, I-14, I-15, I-16 and I-27, less any moving expenses received by the claimants for the compensated fixtures. As so modified, decree affirmed insofar as appealed from, without costs or disbursements. We find that the "gamble theory" upon which Mr. Justice Castaldi predicated his denial of compensation for fixtures has no basis in law. It is our opinion that the rides and appurtenances for which compensation is herein sought, with several exceptions, were trade fixtures duly installed and utilized upon the city-owned land pursuant to a valid lease and that any impropriety in such use was either expressly approved of by the city or silently and knowledgeably acquiesced in. As trade fixtures installed upon land duly condemned, they became the property of the City of New York on the date of vesting. Accordingly, the claimants must be compensated for their losses on the same basis upon which fixture awards were made in the companion case hereto, *Matter of City of New York (Glantz—Adventurers Whitestone Corp.)* (82 AD2d 829; see memorandum of Mr. Justice Brown dated Oct. 25, 1978). We note in this regard that even were the "gamble theory" cognizable, such "gamble" was attributed by nisi prius only to Harold Glantz. This being the case, there would be no reason for denying compensation to the remaining claimants. Though he gave no awards for the alleged fixtures, Justice Castaldi had the foresight to anticipate that we might disagree and has obviated the necessity of further trial by finding sound values for all of the items for which the claimants seek compensation. Accordingly, we direct that payments be made in accordance with such schedule, with the exception of the items hereinabove specifically excluded. Items denominated A-11 and I-9 to I-16, are, we find, trailers and vehicles (1) which were not affixed to the freehold by any means, (2) which, though to some extent modified for their use at the amusement park, may well be used elsewhere and are freely saleable, and (3) which, accordingly, are not compensable fixtures. Item I-27 is comprised of architects', designers' and engineers' fees. Though these items may be compensable in a proper case, we find that they are not in the instant matter (see *Matter of City of New York [Salvation Army]*, 43 NY2d 512; *Matter of City of New York [Reiss—Linden Country Club]*, 78 AD2d 241, 250-251). It appears that the claimants sought statutory moving expenses in a separate proceeding and that their right thereto was found by Mr. Justice Fraiman, the amount to be determined thereafter *(Matter of MHG Enterprises v City of New York*, 91 Misc 2d 842). It is unclear whether any such awards for the compensated fixtures were actually made. If they were, the compensation herein must be reduced by any such amounts. Damiani, J. P., O'Connor, Weinstein and Thompson, JJ., concur.

lants-Respondents; ADVENTURERS WHITESTONE CORPORATION, Respondent-Appellant. — In a condemnation proceeding, the parties cross-appeal from a final decree of the Supreme Court, Queens County (Kassoff, J., upon the decree; Brown, J., upon the trial and opinions after trial), dated July 18, 1979, which made certain awards and denied others. Decree modified, on the law, by adding provisions (1) that the fee award made to Harold Glantz and Harold Vernon, doing businss as H. G. V. Associates, a partnership, be increased by the amount of $196,783, and (2) that the damage award made to claimant Adventurers Whitestone Corporation be increased by $44,100. As so modified, decree affirmed, without costs or disbursements. In computing the fee award herein, the trial court excluded compensation for 17,523 square feet of real estate situated within the boundaries of what were found to be former beds of Mill Creek and Old Creek. These damage parcels are now dry and what remains of the waterways follows a different path today. Accordingly, we hold that compensation should have been made for these parcels as well. (See *Matter of City of New York [Mileau Corp.],* 72 AD2d 745.) Multiplying the area of these parcels by the unit value of $11.23 per square foot, which is derived from the remaining fee award and which amount we find to be justified by the trial record, an increase of the fee award of $196,783 is required. In making its fixture award to claimant Adventurers Whitestone Corporation, the trial court found, apparently, that since the items recognized as compensable trade fixtures, enumerated in the city's expert's appraisal under schedule B thereof, were readily removable from the condemned premises, the only compensation due and owing was the reasonable moving expenses, in accordance with the court's interpretation of *Rose v State of New York* (24 NY2d 80). Since the taking at bar was direct rather than consequential, the formula prescribed in *Rose (supra)* is inapplicable, and compensation should have been awarded on the basis of full sound value. (See *Matter of City of New York [Merrimaker Corp.],* 51 AD2d 147; *Matter of City of New York [Kerievsky],* 57 AD2d 954, affd 44 NY2d 974 on the memorandum at the App Div; cf. *Rose v State of New York, supra).* Accordingly, the fixture award must be increased by the difference between the amount the parties agreed was the sound value thereof and the amount awarded by the trial court, which we find to be $44,100. The issues raised by certain claimants have been rendered academic by our decision in the companion appeal in *Matter of City of New York (G & C Amusements)* (82 AD2d 829). Damiani, J. P., O'Connor, Weinstein and Thompson, JJ., concur.